IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| GEORGE WALTER BREWSTER, III, | : |
| Petitioner, | : |
| v. | : Case No. 4:24-cv-00092-CDL-AGH |
| SHERIFF GREG COUNTRYMAN, *et al.*, | : |
| Respondents. | : |

**RECOMMENDATION OF DISMISSAL**

Petitioner George Walter Brewster, III, who is currently being held in the Muscogee County Jail, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that he had been held for more than seventy-two hours without being taken for a hearing. Pet. for Writ of Habeas Corpus, ECF No. 1. In addition to filing the original petition, Petitioner also filed three amended petitions, Am. Pet., ECF No. 4; Second Am. Pet., ECF No. 5; Third Am. Pet., ECF No. 6, and moved for leave to proceed in this action *in forma pauperis*. Mot. For Leave to Proceed *In Forma Pauperis*, ECF No. 2. Thereafter, Petitioner's motion to proceed *in forma pauperis* was granted, and Petitioner was ordered to consolidate his multiple petitions into a single pleading. Order, ECF No. 7.

Pursuant to that order, Petitioner filed an amended petition for a writ of habeas corpus. Am. Pet. for Writ of Habeas Corpus, ECF No. 8. Because it plainly appears that Petitioner has not exhausted his available state court remedies, it is

**RECOMMENDED** that his habeas corpus petition be **DISMISSED WITHOUT PREJUDICE,** as discussed below. It is also **RECOMMENDED** that his pending motions for a preliminary injunction and to submit evidence be **DENIED**. Finally, it is **RECOMMENDED** that a certificate of appealability ("COA") and any motion to proceed IFP on appeal be **DENIED**.

## PRELIMINARY REVIEW OF THE PETITION

In his amended petition, Petitioner's only claim is that the Muscogee County Courts have violated his due process rights by holding him longer than seventy-two hours without a hearing. Am. Pet. for Writ of Habeas Corpus 6, ECF No. 8. Petitioner also filed a motion for a preliminary injunction, in which he argues that the State's interest in his criminal case constitutes an impermissible conflict of interest that excuses him from filing a state court petition for a writ of habeas corpus. Mot. for Preliminary Inj., ECF No. 9. Additionally, Petitioner filed a motion to submit evidence, listing cases that he says show that Respondents ignore accused individuals' rights. Mot. to Submit Evidence, ECF No. 10.

"Rule 4 [of the Rules Governing § 2254 Cases] requires district courts to dismiss § 2254 petitions without ordering the State to respond '[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief.'"[1] *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653 (11th Cir. 2020) (quoting Rule 4) (second alteration in original). "This preliminary review calls on a district court to perform a screening function, ordering summary dismissal where a petition

---

[1] Rule 1(b) of the Rules Governing § 2254 Cases in the United States District Courts provides that the Section 2254 Rules apply to § 2241 cases.

makes no meritorious claim to relief." *Id.* "The procedure serves to 'eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.'" *Id.* (quoting Rule 4 advisory committee notes).

"To survive Rule 4 review, a § 2254 petition must set forth facts that, if true, would establish a constitutional violation entitling the petitioner to relief." *Paez*, 947 F.3d at 653 (citing *Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) ("holding that a § 2254 petition must comply with the 'fact pleading requirements of [Habeas] Rule 2(c) and (d)' to survive dismissal under Rule 4" (alteration in original))). A dismissal may be appropriate either on the merits or on a finding that the petition is procedurally barred or for both reasons. *Id.* at 654.

Before a petitioner may seek federal habeas relief, he must exhaust his state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A); *see also Isaac v. Augusta SMP Warden*, 470 F. App'x 816, 818 (11th Cir. 2012) (per curiam) ("Before bringing a habeas action in federal court, however, the petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion."); *Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) (Tjoflat, J., specially concurring) (explaining that "[a]mong the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies"). If a petitioner fails to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion. *See Isaac*, 470 F. App'x at 818 (citing *Rose v. Lundy*, 455 U.S. 509, 519–20 (1982)). A petitioner "shall not be deemed to have exhausted" the available state court remedies

"if he has the right under the law of the State to raise, by any available procedure," the claims he has presented in his federal habeas petition. 28 U.S.C. § 2254(c).

Here, it "plainly appears" from the petition that Petitioner has not exhausted his state remedies. In particular, Petitioner asserts in the petition that he did not appeal the decision that he is challenging. Am. Pet. 2, ECF No. 8. Petitioner further indicates that he has not "filed any other petition, application, or motion about the issues raised in this petition." *Id.* at 5. Although Petitioner contends that there is no appeal process for the issue that he is attempting to raise, Georgia law provides that a "person restrained of his liberty under any pretext whatsoever . . . may seek a writ of habeas corpus to inquire into the legality of the restraint." Ga. Code § 9-14-1. Thus, a petition for a writ of habeas corpus is an available state court remedy, and the petition demonstrates that Petitioner has not pursued relief through such a petition.

Additionally, Petitioner filed a motion for a preliminary injunction, in which he acknowledges that he may be required to exhaust his state court remedies by filing a state petition for a writ of habeas corpus. Mot. for Preliminary Inj. 1, ECF No. 9. Petitioner asserts that he should not be required to do so because the State has an interest in the outcome of his criminal case and has disregarded Georgia law by holding him longer than the permissible period. *Id.* at 1-2. In asking for a preliminary injunction, Petitioner does not specify what such an order would include, but it appears that he is asking this Court to order his release without requiring him to exhaust his state court remedies. *See id.* at 2-3. Through this additional filing,

Petitioner further confirms that he has not filed a state court petition for a writ of habeas corpus. *See id.* at 1.

Petitioner also contends that the state's interest in his criminal case creates a conflict of interest such that he shouldn't have to exhaust his administrative remedies. But, rather than creating a conflict of interest, as Petitioner suggests, the state's interest in his criminal case is at the heart of why a petitioner must exhaust his state court remedies before seeking relief in federal court. Principles of comity dictate that "the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Furthermore, "it is a principle controlling all habeas corpus petitions to the federal courts, that those courts will interfere with the administration of justice in the state courts only 'in rare cases where exceptional circumstances of peculiar urgency are shown to exist.'" *Ex parte Hawk*, 321 U.S. 114, 117 (1944) (quoting *U.S. ex rel. Kennedy v. Tyler*, 269 U.S. 13, 17 (1925)). Therefore, Petitioner's assertion that the State has an interest in his criminal case does not support a conclusion that a state court habeas petition is unavailable or inadequate.

Finally, Petitioner filed a motion to submit evidence. Mot. to Submit Evidence, ECF No. 10. In this motion, Petitioner lists a number of criminal actions which he says show that the Muscogee County Courts "deliberately ignore the laws concerning accused offenders' criminal and constitutional rights." *Id.* at 1-2. But this filing does not demonstrate either that Petitioner exhausted his state court

remedies or that such remedies are unavailable to him. *See id.*

Thus, it plainly appears that Petitioner has not exhausted his state remedies because he has not sought relief through a state court petition for a writ of habeas corpus. Accordingly, it is **RECOMMENDED** that this 28 U.S.C. § 2254 petition be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies and that his motions for a preliminary injunction and to submit evidence be **DENIED**.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED IFP ON APPEAL

A prisoner seeking to appeal a district court's final order denying his petition for a writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a [COA] when it enters a final order adverse to the applicant," and if a COA is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." This requires a demonstration that "jurists of reason could disagree with the district court's resolution of [a petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). When the Court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, as in this case, the petitioner must show that "jurists of reason would find it

debatable whether the district court was correct in its procedural ruling"; and (2) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner has not made these showings. Therefore, it is **RECOMMENDED** that Petitioner be **DENIED** a COA. Additionally, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3). Accordingly, it is also **RECOMMENDED** that any motion to proceed *in forma pauperis* on appeal be **DENIED**.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Order and Recommendation with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Order and Recommendation. Plaintiff may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. See 11th Cir. R. 3-1.

**SO RECOMMENDED**, this 8th day of October, 2024.

                                                              s/ *Amelia G. Helmick*
                                           UNITED STATES MAGISTRATE JUDGE